### ELLISON v. CRUSER

The rule of practice, that a party calling for the production of a paper by the other side, on a notice to produce, and inspecting it, is obliged to put it in evidence, if it is material to the issue, is confined in its operation to the trial in the course of which the paper is produced and inspected. It does not compel the party to put the paper in evidence on a new trial of the cause unless he again gives notice to produce, and makes inspection.

On rule to show cause.

Argued at June Term, 1878, before the CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the rule, *M. Beasley, Jr.*

*Contra, F. Kingman.*

The opinion of the court was delivered by

DEPUE, J. At a former trial of this cause, which resulted in favor of the defendant, when the defendant was under examination as a witness, certain diaries kept by him, in which were contained entries made by him in relation to the notes sued on, were produced by him on a notice to produce, and were inspected and offered in evidence by the plaintiff. The

verdict at that trial having been set aside by this court, on the second trial the plaintiff did not call for or inspect the said diaries; but they were produced by the defendant and offered to the plaintiff, and on proof of what had occurred at the former trial, the defendant insisted that they should be admitted by the court as evidence in the cause. The court declined to comply with this request.

It is a rule of practice that if a party call on his adversary for the production of papers on a notice to produce, and inspect them so as to become acquainted with their contents, he is obliged to use them in evidence if they be in any way material to the issue. The reason for this rule is that it would give an unconscionable advantage to a party to enable him to pry into the affairs of his adversary, without at the same time subjecting him to the risk of making whatever he inspects evidence for both parties. 2 *Taylor on Evidence*, § 1614; *Wharam* v. *Routledge*, 5 *Esp.* 235; 1 *Wharton on Ev.*, § 156.

This rule of practice should be confined in its operation to the trial, in the course of which the paper is produced and inspected. It is similar to the calling of a witness who would be incompetent if offered by the adversary; or the bringing out of testimony in the course of the examination or cross-examination of a witness, which would be illegal if offered by the other side. The party by whose indiscretion an adverse witness is thus rendered competent, or evidence adverse to him is drawn out, must suffer the consequences. But the consequences of the mistake should not attach themselves to the party, and follow him into the new trial. A new trial is essentially a trial *de novo*, upon the testimony of witnesses, and upon evidence, the competency, relevancy and admissibility of which is to be determined at the time, and as of the time, when the trial is had. It would be impolitic, if not impossible, to make the new trial a mere reproduction of the case at a former trial.

The rule of practice invoked should not be extended beyond the trial at which the document is called for and inspected.

The rule to show cause should be discharged.